IN THE COUNTY COURT OF THE 9TH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

IDALMIS MENDEZ,

    **Plaintiff,**

v.

NORTH AMERICAN CREDIT
SERVICES, INC.; ADVENTIST
HEALTH SYSTEM/SUNBELT, INC.,

    **Defendant.**
_____/

Case No.: ###

**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

## COMPLAINT

Plaintiff Idalmis Mendez ("Plaintiff") sues Defendant North American Credit Services, Inc. and Defendant Adventist Health System/Sunbelt, Inc. (collectively, the "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendants (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendants because Defendants are operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendants occurred within Broward County, Florida.

3. The amount in controversy is greater than $8,000.00, but does not exceed $15,000.00, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

PAGE | **1** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6. Defendant North American Credit Services, Inc. ("Defendant-DC") is Tennessee Corporation, with its principal place of business located in 2810 Walker Road Suite 100, Chattanooga TN 37421.

7. Defendant Adventist Health System/Sunbelt, Inc. ("Defendant-Creditor") is Florida Corporation, with its principal place of business located in 900 Hope Way, Altamonte Springs FL 32714.

## DEMAND FOR JURY TRIAL

8. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

9. On or about July 7, 2020, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Work-Injury").

10. On or about July 7, 2020, Defendant-Creditor provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury, whereby the only medical services provided to Plaintiff by Defendant-Creditor were for the treatment of the Work-Injury.

11. At the time Defendant-Creditor provided its respective medical services to Plaintiff, Plaintiff informed Defendant-Creditor that the sought treatment was for the Work-Injury.

PAGE | **2** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

12. Defendant-Creditor charged a fee for the provision of its (Defendant-Creditor's) respective medical services for treatment of the Work-Injury (the "Consumer Debt").

13. The Consumer Debt arose from Plaintiff's work-related accident and injuries.

14. Defendant-Creditor knew that payment of the Consumer Debt was the responsibility of Plaintiff's employer and/or the insurance carrier of Plaintiff's employer.

15. Defendant-Creditor knew that payment of the Consumer Debt was not Plaintiff's responsibility.

16. Defendant-Creditor knew that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff. Despite knowing this, however, Defendant-Creditor began attempting to collect the Consumer Debt from Plaintiff.

17. Thereafter, and despite knowing that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff, Defendant-Creditor contacted Defendant-DC to collect, or attempt to collect, the Consumer Debt from Plaintiff. In so doing, Defendant-Creditor disclosed to Defendant-DC *false* information about Plaintiff and/or information that Defendant-DC had no *legitimate* business need for, the likes of which affected the reputation of Plaintiff.

18. For example, Defendant-Creditor disclosed to Defendant-DC (the "Disclosure"), *among other things*: [1] the existence of the Consumer Debt; [2] that the Consumer Debt was owed to Defendant-Creditor by Plaintiff; and [3] that Plaintiff did not pay the Consumer Debt and/or Plaintiff defaulted on the Consumer Debt.

19. The Disclosure affected Plaintiff's reputation. For example, the disclosure affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

20. On a date better known by Defendant-DC, Defendant-DC began attempting to collect the Consumer Debt from Plaintiff.

21. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

22. Defendant-DC is a business entity engaged in the business of collecting consumer debts.

23. Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

24. Defendant-DC is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

25. Defendant-DC's "Consumer Collection Agency" license number is CCA0900472.

26. Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

27. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

28. For Defendant-DC's "Consumer Collection Agency" license to remain valid, Defendant-DC is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

29. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant-DC *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

30. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant *shall* maintain: "basic information about the debt including, at minimum…

PAGE | **4** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

[d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

31. On a date better known to Defendant-DC, Defendant-DC sent a collection letter, internally dated December 30, 2020, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

32. The Collection Letter is a communication from Defendant-DC to Plaintiff in connection with the collection of a debt.

33. The Collection Letter represents an action to collect a debt by Defendant-DC.

34. Defendant-DC, by way of the records which it (Defendant-DC) is required to maintain to retain a valid Consumer Collection Agency license with the Florida Department of State, knew that the Consumer Debt arose from the treatment of the Work-Injury and otherwise knew that it (Defendant-DC), as well as Defendant-Creditor, did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff.

## COUNT I.
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

35. Plaintiff incorporates by reference paragraphs 1-34 of this Complaint as though fully stated herein.

36. Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require...."

37. Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

PAGE | **5** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

38. An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

39. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. § 1692e(2)(A). (emphasis added).

40. As stated above, Defendant-DC mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter falsely represents that Plaintiff is responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by Defendant-Creditor, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

41. Defendant-DC by and through the Collection Letter, falsely represents the character of the Consumer Debt, *in that*, the Collection Letter falsely represents Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

42. Further, by and through the Collection Letter, Defendant-DC *falsely* represents the amount of the Consumer Debt, *in that*, the $4,133.99 sought by the Collection Letter exceeds the amount which Defendant-Creditor is entitled pursuant to the fee schedules and/or guidelines for services rendered to injured workers such as Plaintiff.

PAGE | **6** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

43. Thus, by and through the Collection Letter, Defendant-DC violated § 1692e(2)(A) of the FDCPA by falsely representing the *character* of the Consumer Debt, as well as by falsely representing the *amount* of the Consumer Debt.

44. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

    (a)    Statutory damages as provided by 15 U.S.C. §1692k;

    (b)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

    (c)    Any other relief that this Court deems appropriate under the circumstances.

## COUNT II.
## VIOLATION OF FLA. STAT. § 559.72(9)
(*against Defendant-DC and Defendant-Creditor*)

45. Plaintiff incorporates by reference paragraphs 1-34 of this Complaint as though fully stated herein.

46. As stated above, Defendant-DC knew that the Consumer Debt was the result of an accident and injuries sustained by Plaintiff in the course and scope of Plaintiff's employment. Moreover, Defendant-DC knew Defendant-Creditor could not collect or receive a fee from an injured employee within the state of Florida except as otherwise explicitly permitted by Florida statute, and Defendant-DC knew that an employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment.

47. Despite knowing that Defendant-Creditor did not have any entitlement or authority to collect the Consumer Debt from Plaintiff directly, Defendant-DC mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Thus, Defendant-DC violated § 559.72(9)

PAGE | **7** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of the FCCPA by attempting to collect the Consumer Debt from Plaintiff by and through the Collection Letter.

48. At minimum, Defendant-DC acted with apparent authority in attempting to collect the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

49. Defendant-Creditor purposely provided Defendant-DC with the information to collect the Consumer Debt from Plaintiff, of which included Plaintiff's contact information, the nature of the Consumer Debt, and the amount purportedly owed by Plaintiff.

50. As such, the above-mentioned violation of § 559.72(9) is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such FCCPA violation.

51. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

    (a)    Statutory damages as provided under Fla. Stat. §559.77(2);

    (b)    An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

    (c)    Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

    (d)    Any other relief that this Court deems appropriate under the circumstances.

### COUNT III.
### VIOLATION OF FLA. STAT. § 559.72(5)
*(against Defendant-Creditor)*

52. Plaintiff incorporates by reference paragraphs 1-34 of this Complaint as though fully stated herein.

53. Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

54. As stated above, Defendant-Creditor knew that the services it (Defendant-Creditor) rendered to Plaintiff were for an injury and/or harm sustained by Plaintiff in the course and scope of Plaintiff's employment, as such information as relayed to Defendant-Creditor at the time Defendant-Creditor provided and/or rendered its (Defendant-Creditor's) respective Medical Services to Plaintiff. As such, Defendant-Creditor knew that it (Defendant-Creditor) could not collect or receive a fee from Plaintiff within the state of Florida, and Defendant-Creditor knew that an Plaintiff is shielded from liability in any dispute between Plaintiff's employer (and/or the insurance carrier of Plaintiff's employer) and Defendant-Creditor regarding reimbursement for and/or payment of the Consumer Debt.

55. Despite knowing that it (Defendant-Creditor) did not have any statutory right or contractual authority to collect the Consumer Debt from Plaintiff, Defendant-Creditor, nevertheless, referred the collection of the Consumer Debt to Defendant-DC. In so doing, Defendant-Creditor disclosed to Defendant-DC *false* information about Plaintiff and/or information that Defendant-DC had no *legitimate* business need for. For example, Defendant-Creditor disclosed to Defendant-DC: **[1]** the existence of the Consumer Debt; **[2]** that the Consumer Debt was owed to Defendant-Creditor by Plaintiff; and **[3]** that Plaintiff did not pay the Consumer Debt and/or defaulted on the Consumer Debt.

56. Thus, in light of the above, Defendant-Creditor violated § 559.72(5) of the FCCPA by referring the collection of the Consumer Debt to Defendant-DC for collection.

57. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-Creditor, awarding Plaintiff the following relief:

(a) Statutory damages as provided under Fla. Stat. §559.77(2);

(b) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(d) Any other relief that this Court deems appropriate under the circumstances.

DATED: May 20, 2021

Respectfully Submitted,

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136

**PAUL A. HERMAN, ESQ.**
Florida Bar No.: 405175
E-mail: paul@consumeradvocatelaw.com
CONSUMER ADVOCATES LAW GROUP, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
Phone:    (561) 236-8851

**JOEL A. BROWN, ESQ.**
Florida Bar No.: 66575
E-mail: joel.brown@friedmanandbrown.com
FRIEDMAN & BROWN, LLC
3323 NW 55th Street
Fort Lauderdale, Florida 33309
Phone:    (954) 966-0111

*COUNSEL FOR PLAINTIFF*

# EXHIBIT "A"



**NORTH AMERICAN**
*Credit Services, Inc.*

2810 Walker Rd • Chattanooga, TN 37421-1082
(800) 467-5654 • (423) 894-5654
Mon - Thu: 8:00am - 7:30pm • Fri: 8:00am - 4:45pm

Idalmis Mendeztejera
538 Conway Rd Apt F
Orlando, FL 32807-1108

Statement Date:     December 30, 2020
Re:                 See reverse side
Date of Service:    See reverse side
File #:             8072430
Balance:            $4,133.99

Our office has received an additional account owed by you to our client. This account has been combined into your file, and as required by the FDCPA, we are sending you notice of the additional account as it has impacted your total outstanding balance due.

Please contact us to discuss payment plan options at (800) 467-5654. You can make payments online, by telephone, and/or through the mail.

Sincerely,
**Collections Department, Ext 399**

3420

## PAYMENTS OPTIONS

**ONLINE**
Manage your account online:
https://nacspayonline.com
Use authorization code:
80724302984

**PHONE**

Use the QR Code to Self Manage your payment or Pay by Phone:
(800) 467-5654

**MAIL**
Pay by mailing check or money order payable to North American Credit Services using the remit coupon below.

We also accept Visa, MasterCard, and American Express.

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR CONSUMER RIGHTS

--------------------------------------------------------
*** Please detach below and return in the enclosed envelope with your payment ***

PO BOX 182221
CHATTANOOGA, TN 37422-7221

PLEASE CIRCLE THE CREDIT CARD YOU WISH TO USE
MasterCard    VISA

| CARD NUMBER      |                 | EXP. DATE       |
| CARD HOLDER NAME |                 | CVV             |
| SIGNATURE        |                 | AMOUNT ENCLOSED |

December 30, 2020



File #:    8072430
Balance:   $4,133.99

**MAKE CHECKS PAYABLE AND REMIT TO:**

ⁱᵐᵃⁱˡᵇᵃʳᶜᵒᵈᵉ

Idalmis Mendeztejera
538 Conway Rd Apt F
Orlando, FL 32807-1108

ⁱᵐᵃⁱˡᵇᵃʳᶜᵒᵈᵉ
NORTH AMERICAN CREDIT SERVICES
PO BOX 182221
CHATTANOOGA, TN 37422-7221

NAC2 / 1761 - 1762 / AAT032015244    5172 / 000002642

## ACCOUNT SUMMARY

| Date of Service | Patient Name | Client Name | Patient Number | Amount |
|---|---|---|---|---|
| 7/7/2020 | Idalmis Mendeztejera | AdventHealth Orlando | 92241819 | $4,113.19 |
| 7/30/2018 | Idalmis L Mendez | AdventHealth Med Group Radiology at Central Florida | 2109663-17999671 | $20.80 |

## NOTICE TO CONSUMER AND RIGHTS

Unless you contact this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request from this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This collection agency is licensed by the Collections Service Board, Tennessee Department of Commerce and Insurance.

Please take a moment to read what is available to assist you in the processing of this debt. Our staff is trained to provide a high level of professional assistance to consumers and we expect each person to be treated with dignity and respect. Contacting us in regards to feedback does not affect your ability to dispute your debt. While we may not be able to avoid debt crisis at times together we can work through them.

- Take advantage of our consumer web page for reviewing your account, setting up payment arrangements, sending comments or other important information to resolve your account.

- How were you treated by our staff? We want to know.

NACS has a separate Campus Compliance Division that will review all complaints made by a consumer about how you were served by our staff. To file a customer service, security or privacy complaint you may call 1-800-868-6897 ext. 645, email us at complaints@nacscom.com or mail to:

NACS/Compliance Audit Division
PO Box 22815
Chattanooga, TN 37422