## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**IDALMIS MENDEZ**

    Plaintiff,

    vs.

**ADVENTIST HEALTH SYSTEM/SUNBELT INC., and NORTH AMERICAN CREDIT SERVICES, INC.,**

    Defendants.

CASE NO. 6:22-cv-00707-PGB-GJK

---

## DEFENDANT ADVENTIST HEALTH SYSTEM/SUNBELT INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant, ADVENTIST HEALTH SYSTEM/SUNBELT INC ("AdventHealth"), moves to dismiss Plaintiff's Amended Complaint (Doc. 3) ("Complaint") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff does not and cannot state a cause of action for violations of the Florida Consumer Collection Practices Act ("FCCPA") as set forth in Counts II and III. In support of dismissal with prejudice AdventHealth states as follows:

## SUMMARY

AdventHealth moves to dismiss Counts II and III of the Complaint with prejudice based on Plaintiff's inability to allege the requisite elements to state a cause of action for violations of sections 559.72(5) and 559.72(9), Florida Statutes. In addition, Count II fails to state a cause of action against AdventHealth because

1

Plaintiff does not and cannot allege North American Credits Services, Inc. ("NACS") is AdventHealth's agent such that AdventHealth can be held vicariously liable for NACS' wrongful conduct.  As discussed below, these deficiencies are incurable and Counts II and III should be dismissed with prejudice.

<u>**MEMORANDUM OF LAW**</u>

## I.    LEGAL STANDARD

Rule 12(b)(6) allows a party to raise a defense based on "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss, a pleading "must plausibly allege all the elements of the claim for relief." *Feldman v. Am. Dawn, Inc.*, 849 F.3d 1333, 1339 (11th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When considering a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

That maxim, however, does not apply to "labels and legal conclusions." *Id.* Labels, conclusions, and formulaic recitations of the elements of a cause of action are insufficient. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere naked assertions are insufficient. *Id.*  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.*  "A claim has facial plausibility

when the plaintiff pleads facts that allow the court to draw the reasonable interference

that the defendant is liable for the misconduct alleged." *Id.*

## II.   PLAINTIFF FAILS TO STATE A CAUSE OF ACTION IN COUNT II FOR A VIOLATION OF SECTION 559.72(9), FLA. STAT.

### A.   There is no apparent agency.

In Count II, Plaintiff alleges AdventHealth is vicariously liable for NACS'

violation of section 559.72(9), Fla. Stat., because NACS "acted with apparent

authority in attempting to collect the Consumer Debt on [AdventHealth's] behalf."

(Doc. 3, ¶ 48).  However, under Florida law,[1] to establish vicarious liability through

apparent agency, a plaintiff must allege: "(1) a representation by the purported

principal; (2) a reliance on that representation by a third party; and (3) a change in

position by the third party in reliance on the representation." *Marchisio v. Carrington*

*Mortg. Servs., LLC*, 919 F.3d 1288, 1312 (11th Cir. 2019) (quoting *Mobil Oil Corp. v.*

*Bransford*, 648 So. 2d 119, 121 (Fla. 1995)); *see also Benson v. Seestrom*, 409 So. 2d 172,

173 (Fla. 2d DCA 1982) ("Apparent authority must be the result of acts or omissions

by the principal in order to subject the principal to liability for the agent's actions.");

*Jackson Hewitt, Inc. v. Kaman*, 100 So. 3d 19, 32 (Fla. 2d DCA 2011) ("In addition, the

third party's reliance on the purported agent's apparent authority must be

reasonable.").

---

[1] "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." *Posen Const., Inc. v. Lee County*, 921 F. Supp. 2d 1350, 1356 (M.D. Fla. 2013) (quoting *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).

Here, the only allegation of the relationship between AdventHealth and NACS is found in the second sentence of Paragraph 48 of the Complaint: "[NACS] sought to collect the Consumer Debt from Plaintiff because [NACS] had contracted with [AdventHealth] for the provision of such services."  Given there are no factual allegations to support the elements for apparent agency, Plaintiff fails to state a cause of action for vicariously liability against AdventHealth in Count II.

**B.    There is no actual knowledge.**

Assuming, *arguendo*, Plaintiff cleared the apparent agency allegation hurdle, Count II should still be dismissed with prejudice because Plaintiff cannot allege the requisite elements for a violation of section 559.72(9).

To state a cause of action for a violation of section 559.72(9), Fla. Stat., a plaintiff must show a nonexistent legal right was asserted and that the person had actual knowledge the right did not exist.  *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1312 (S.D. Fla. 2009).  "The statute does not provide for recovery if the creditor merely should have known the debt was not legitimate."  *Cornette v. I.C. Sys., Inc.*, 280 F. Supp. 3d 1362, 1371 (S.D. Fla. 2017) (quoting *Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 6 (Fla. 4th DCA 2009)); *see also McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1279 (M.D. Fla. 2008) (stating "[i]t is well established that the FCCPA requires proof that the defendant had actual knowledge of the impropriety; constructive knowledge is insufficient.").

A patient who is a workers compensation claimant must provide accurate information to enable a hospital to submit a claim to either an employer or an

4

insurance carrier.  *See Del Valle v. Adventist Health System/Sunbelt, Inc. d/b/a Florida Hospital Heartland Medical Center*, FLWSUPP 2708VALL (Fla. 10th Cir. Ct. 2019) (citing *Guardian Detective & Sec. Agency v. Schreyer*, 489 So. 2d 1186, 1188 (Fla. 1st DCA 1986)).[2]  Moreover, under the FCCPA, a hospital does not have actual knowledge that it does not have the right to collect a debt arising from medical services provided for work-related injuries until it is informed that either the employer or the workers compensation carrier accepted responsibility for the medical bills.  *Id.* (holding trial court properly applied section 559.72(9) when it found the plaintiff's statement to emergency room doctors that he was injured at work was insufficient to impute actual knowledge, which required a showing that AdventHealth knew the employer or workers compensation had accepted responsibility for the medical bills at the time it sent the allegedly offending statements).

Like the plaintiff in *Del Valle*, Plaintiff merely alleges that "[a]t the time [AdventHealth] provided its respective medical services to Plaintiff, Plaintiff informed [AdventHealth] that the sought treatment was for the Work-Injury."  (Doc. 3, ¶ 11).  Notably absent are any allegations that AdventHealth had actual knowledge that it did not have a right to collect a debt arising out of the services it provided to Plaintiff for her "Work-Injury" because it knew Plaintiff's employer or workers compensation carrier had accepted responsibility for the debt.  Thus, even assuming NACS acted with apparent authority when it sent the Collection Letter to Plaintiff, AdventHealth

---

[2] This case and the final judgment which it affirms are attached for the Court's convenience as **Exhibit A**.

was properly asserting its legal right to collect the debt when it sent the account to NACS for collections.

Because Plaintiff is incapable of alleging that AdventHealth had actual knowledge that her employer or workers compensation carrier accepted responsibility for her debt when it sent the account to NACS, Count II against AdventHealth should be dismissed with prejudice. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

## III.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION IN COUNT III FOR A VIOLATION OF SECTION 559.72(5), FLA. STAT.

To state a cause of action for a violation of section 559.72(5), a plaintiff must allege: (1) that there was a disclosure of information to a person other than a member of the debtor's family; (2) that such person does not have a legitimate business need for the information; and (3) that such information has affected the debtor's reputation. *Pucci v. Specialized Loan Servicing, LLC*, 2017 WL 11633015, *4 (M.D. Fla. 2017) (quoting *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 514 (Fla. 1st DCA 2007)). "Reputation is what is reported or understood from reports to be the community's estimate of the person's character." *Alecca v. AMG Managing Partners, LLC*, 2014 WL 2987702, *7 (M.D. Fla. 2014) (quoting *Heard v. Mathis*, 344 So. 2d 651, 655 (Fla. 1st DCA 1977)).

Here, Plaintiff cannot allege that NACS does not have a legitimate business

need for information about the Consumer Debt because, as she alleges in Paragraphs 22-23, it is a collection agency whose business is to collect consumer debts. Furthermore, Plaintiff cannot articulate how AdventHealth's disclosure of the Consumer Debt to NACS, a Tennessee corporation, was detrimental to her reputation in her local community in Florida.  *See Heard*, 344 So. 2d at 654 (holding for there to be a violation of section 559.72(5), there must be "a showing that the debtor's reputation was adversely affected following the publication" and that disclosure to the plaintiff's friend was insufficient as a matter of law); *cf. Alleca*, 2014 WL 2987702 at *7 (finding that a communication to an employer raises an inference that it affected the employee's reputation); *Berg v. Merchants Ass'n Collection Div., Inc.*, 586 F. Supp. 2d 1336, 1340 (S.D. Fla. 2008) (finding that the plaintiff stated a cause of action for violation of section 559.72(5) by alleging that the defendant disclosed "information to [the plaintiff's] neighbor and girlfriend among others [and] that those third persons did not have a legitimate business need for the information[.]").

Finally, Plaintiff alleges AdventHealth knew that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff and therefore disclosed to NACS "*false* information about Plaintiff" such as "[1] the existence of the Consumer Debt; [2] that the Consumer Debt was owed to AdventHealth by Plaintiff; and [3] that Plaintiff did not pay the Consumer Debt and/or Plaintiff defaulted on the Consumer Debt."  (Doc. 3, ¶¶ 16-18) (emphasis original).  The alleged falsity of this information is contradicted by other allegations in the Complaint which show the information was true.

For example, Plaintiff alleges in Paragraph 12 that the Consumer Debt exists and, in Paragraph 14, alleges that it was in fact the responsibility of Plaintiff's employer and/or the insurance carrier of the employer.  However, if it was the responsibility of Plaintiff's employer and/or workers compensation, *Del Valle*, *supra*, requires AdventHealth be informed that they accepted responsibility before AdventHealth has knowledge that it no longer has a right to collect the debt from Plaintiff.  That is not what is alleged here.  Additionally, the Complaint in of itself establishes that Plaintiff did not pay the Consumer Debt because if she had paid, there would be no lawsuit.

As a result, Plaintiff fails to state a cause of action against AdventHealth for violating section 553.72(5).  Amendment is futile based on these facts and Count III should be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, Counts II and III of the Amended Complaint should be dismissed with prejudice as to AdventHealth.

## RULE 3.01(g) CERTIFICATE OF PRE-FILING CONFERENCE

Defendant's counsel Adam M. Miller, conferred with Plaintiff's Counsel Thomas Patti on June 13, 2022 by phone with respect to the relief requested in this Motion.  However, the parties did not reach an agreement on the resolution of this Motion.

DATED this 13th day of June, 2022

/s/ John M. Brennan, Jr.
**ADAM M. MILLER, ESQ.**
Florida Bar No. 122421
Primary Email:  adam.miller@gray-robinson.com
Secondary:  karen.pollard@gray-robinson.com
**JOHN M. BRENNAN, JR.**
Florida Bar No.: 0098456
Primary Email: jack.brennan@gray-robinson.com
Secondary:  jessica.rolon@gray-robinson.com
301 E. Pine Street, Suite 1400 (32801)
Post Office Box 3068
Orlando, Florida 32802-3068
Phone: 407-843-8880
Facsimile: 407-244-5690
*Attorneys for Adventist Health System/Sunbelt, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the following has been filed and served via Florida's e-filing Portal/ECF system on June 13, 2022, which will transmit a copy to: **THOMAS J. PATTI, III, ESQ.,** tom@jibraellaw.com; **JIBRAEL S. HINDI, ESQ.,** *jibrael@jibraellaw.com*; **PAUL A. HERMAN, ESQ.,** paherman1956@gmail.com; **ERNEST H. KOLMYER, III, ESQ.,** skohlmyer@shepardfirm.com; and **SAMUEL R. REDA, ESQ.,** sreda@shepardfirm.com.

/s/ John M. Brennan, Jr.
John M. Brennan, Jr.

9